Stevens *v.* Cooper.

## Stevens v. Cooper.

Specific Performance. The agent of judgment creditors bid off land in his own name at the execution sale, and afterwards received a sum of money for releasing the property from the sale to the judgment debtor; notwithstanding which the sale was confirmed, and deed made to the agent. *Held*, that the agent and the creditors may be compelled by decree to convey the title so acquired to the debtor.

Lake, J.

We see no reason for interfering with the decree of the District Court, believing it to be fully sustained by the evidence. The case is this : At the December term, 1859, of the District Court for Otoe County, the defendants, Cooper & Clarke, recovered a judgment against William Anderson and others, which thereupon became a lien upon the land in dispute.

On the eleventh day of May following, the plaintiffs, in consideration of the sum of two hundred and fifty dollars by them paid, and without actual knowledge of the judgment, became the purchasers of the land, which was thereupon duly conveyed to them by Anderson and his wife. On the 27th of November, 1861, an execution was duly issued on the judgment, and the land in question sold and conveyed by the sheriff to the defendant, Julian Metcalf, a member of the firm of McCann & Metcalf, who were the agents of Cooper & Clark, in the management and collection of the claim upon which said judgment was rendered. Although the sale was nominally made to Metcalf, the bid was actually made by one Silas Smith, who was the confidential clerk of McCann & Metcalf, and authorized to act for them in the matter ; and the title was taken by Metcalf, and taken by him as the agent of C. & J. Cooper, defendants, who were

the successors of Cooper & Clarke, and the real owners of the judgment at this time. Thus far there is no controversy between the parties.

On the part of the plaintiffs it is claimed, that after the sheriff's sale, but before it was confirmed, there was an arrangement between Anderson and Metcalf, Smith acting for Metcalf, whereby, for a valuable consideration then paid, this particular tract was to be released from the execution sale, — in other words, redeemed, — and no confirmation had. This the defendants deny; which constitutes the main issue between the parties.

Although the evidence on this branch of the case is somewhat conflicting, we think the preponderance is very decidedly with the plaintiffs.

Anderson, the judgment debtor, testifies, that, between the time of making the sale and the confirmation, he went to McCann & Metcalf's place of business, and made an arrangement with Silas Smith, their agent, to redeem the land for the sum of twenty-five dollars, the amount it had been bid off for, which he then paid ; that Smith thereupon agreed to have this tract " thrown out," and released from the execution.

The plaintiff Waters also swears that he was present when Anderson redeemed the land ; that he first learned it had been taken and sold on execution from Silas Smith, who informed him that he had bid it off on an old judgment : whereupon he at once sought out Anderson, from whom he had bought it, and went with him to McCann & Metcalf's bank to fix the matter up ; that he was present, and heard the arrangement by which Anderson was to pay the sum of twenty-five dollars, and the land to be released. This satisfied him, and he went away.

D. J. McCann, the senior member of the firm of McCann & Metcalf, testifies that Smith had been a long

time in their employ as confidential clerk, and had ample authority to make the agreement to release the land.

This is all the positive testimony there is of the arrangement to redeem the land. Smith is dead; and the defendants all swear that they know nothing about it. It is a noticeable fact, however, that neither of the defendants ever paid any taxes on the land, or exercised any other act of ownership over it; nor did they seem to understand or suppose that they had any interest therein until the fall of 1869, when, the plaintiffs discovering that it had not been released from the execution, but had been deeded by the sheriff to the defendants, their agent requested that it be conveyed to them.

Upon a careful examination of the testimony, we do not hesitate to declare that it would be exceedingly unjust and unequitable to permit the Coopers, who, as the successors of Cooper & Clark, now hold the legal title to the land, to retain it from the plaintiff. The arrangement was fairly entered into to redeem it from the sale, and the agreed consideration therefor fully paid, which at the time was satisfactory to all concerned. Afterwards, in proceeding to perfect the title in Metcalf by procuring a sheriff's deed to be made to him, a fraud was perpetrated upon both Anderson and the plaintiffs, which the defendants ought not now to take advantage of. To permit them to do so would be a grievous hardship to Anderson, who, so far as the record discloses, appears to be an upright man, anxious both to pay his just debts and to protect the plaintiffs in their purchase. It would result in making him liable to the plaintiffs upon his deed for the consideration-money paid him for the land, leaving the present holders of the title in the full enjoyment of the estate, without the payment of a single dollar therefor. This would be a mockery of justice.

STEVENS *v.* COOPER.

The decree of the District Court being in favor of the plaintiffs is right, and must be affirmed.

Decree affirmed.

*G. B. Scofield*, for appellants.

*Shambaugh & Richardson*, for appellees.